JOHN M. BAKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JOHN M. AND LINDA L. BAKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baker v. Commissioner
Docket Nos. 920-79, 6268-79.
United States Tax Court
T.C. Memo 1980-367; 1980 Tax Ct. Memo LEXIS 214; 40 T.C.M. (CCH) 1174; T.C.M. (RIA) 80367; September 10, 1980, Filed *214 Held, petitioners are not entitled to deductions under sec. 170, I.R.C. 1954, for contributions made to the Association of Churches of the Tolerants. John M. Baker, pro se. Andrew R. Ceccherini, for the respondent. WILES
*215 MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined deficiencies in petitioners' Federal income taxes as follows: Name
Docket No.
Year
Amount
John M. Baker
920-79
1976
$313.00
John M. and
6268-79
1977
$532.00
Linda L. Baker
After a concession by respondent, the sole issue for decision is whether petitioners are entitled to deductions under section 170[1] for contributions made to the Association of Churches of the Tolerants. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. John M. Baker resided in Wellsburg, New York, when he filed his 1976 Federal income tax return with the Internal Revenue Service Center, Andover, Massachusetts, and when he filed his petition in this case. John M. (hereinafter petitioner) and Linda L. Baker, husband and wife, resided in Wellsburg, New York, when they filed their 1977 joint Federal income tax return with the Internal Revenue Service Center, Andover, Massachusetts, and when they filed their petition *216 in this case. Petitioner holds himself out as a minister of the Association of Churches of the Tolerants (hereinafter referred to as "Church of the Tolerants" or "Church"). In 1976 and 1977, petitioner made donations to the Church of the Tolerants, and during those years the Church returned approximately ninety percent of petitioner's contributions to him to provide for housing, food, and transportation costs arising from his activities relating to the Church. Petitioner had complete control over the use of these funds. The tenets of the Church of the Tolerants are expressed on petitioner's Certificate of Ministry as follows: TOLERANTS embrace all the diversities of humanity in all aspects, religious and secular, pronouncing to each, YOU are RIGHT … but with the provisos: IF you recognize that I, differing from you, an also right; and others differing from us both and from each other are also right; and that no one is enslaved to any ONE way but is free to continue or to change--whichever way-of-life best fits his/her pursuit-of-happiness… so long as pursuing one way of life does not intrude upon the equal rights of others to pursue their various ways of life. Tolerants *217 abhor the privileges, direct subsidies, indirect subsidies as of tax exemption, and other unfair advantages so zealously promoted by INtolerants; but recognize that to spurn these is to hamstring tolerance, to assist the bigots of autocratic INtolerance. Thus Tolerants may serve others flexibly according to their preferences of ritual, sacrament, ceremony--to be validated by civil authority; and are to be accorded privileged-communication rights, military service chaplaincy rights, clergy discounts where granted others, tax exemptions granted ANY religion, etc…. subject if necessary to legal action to enforce First Amendment. A major objective of the Church is to have the priviledged tax treatment accorded religious organizations declared unconstitutional. The Church has no charter or by-laws and has never applied for or been granted an exemption under section 501. Petitioner claimed charitable contribution deductions of $1,748.50 on his 1976 return and $1,600 on his 1977 return for donations made to the Church of the Tolerants. In the notices of deficiencies, respondent disallowed these deductions. OPINION We must decide whether petitioner is entitled to deductions *218 under section 170 for contributions made to the Church of the Tolerants. Section 170(a) allows a deduction for charitable contributions as defined in section 170(c). Section 170(c)(2) defines charitable contribution to include a contribution or gift to or for the use of a corporation, trust, community chest, fund, or foundation: (1) which is organized and operated exclusively for religious or other specified exempt purposes; (2) no part of the net earnings of which inures to the benefit of a private individual. Respondent maintains that petitioner is not entitled to deduct his contributions to the Church of the Tolerants because he has failed to prove the Church satisfies the above two enumerated requirements of section 170(c)(2). We agree. Petitioner has the burden of proving he is entitled to the claimed charitable contribution deductions. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. At trial, petitioner presented no evidence to prove the Church of the Tolerants satisfies the requirements of section 170(c)(2). Accordingly, since the record is devoid of the proof required to sustain petitioner's claims, *219 we must hold for respondent. Petitioner advanced various constitutional objections to respondent's determination and to section 170(c)(2) and the regulations thereunder. We have considered each of petitioner's arguments and find them to be without merit. [2]
To reflect the foregoing, Decisions will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years involved herein.↩
2. On a prior occasion, this Court has denied a deduction for a contribution made to the Church of the Tolerants. Pusch v. Commissioner,T.C. Memo. 1980-4↩, on appeal (5th Cir., Apr. 7, 1980). This Court there rejected arguments similar to those advanced by petitioner in the instant case.